All right, the next case we'll hear is Wells v. Johnson. And I guess Ms. Martin, is that who we'll hear from you first? Ms. Melko. Okay, okay. Who's going to present? You're the student counselor?  All right, why don't you come forward. And I very much appreciate having you. I need to explain that you're a student that has probably done more preparation on this case than any lawyer would have done, so we're looking forward to your argument. Thank you, Judge Niemeyer. Good morning, Your Honors, and may it please the Court. My name is Meghna Melko with Duke Law School's First Amendment Clinic, representing Appellant Mr. Wells. I'm joined with my co-counsel Jeffrey Ward with Nelson Mullins, who will be delivering the rebuttal in this case. The North Carolina Supreme Court has held that when a criminal conviction in state district court is appealed for trial de novo, it, and I quote, cannot be used for any purpose. Any purpose means any purpose. At its core, this appeal is about North Carolina's collateral estoppel doctrine, specifically what constitutes a final judgment that later subsequently bars completely a 1983 claim. An appeal to district court conviction awaiting a trial de novo is not a final judgment under North Carolina law. As the Court below noted, Mr. Wells has not been convicted of any crime yet, and therefore that conviction cannot bar his later claim. Well, let me ask you this. Where are the parameters as to that nothing can be used rule? For example, suppose your client got on the stand in that misdemeanor trial and testified, and then later there's an appeal to go to the Superior Court. He gets on the stand, and he testifies opposite. Do you contend that that rule means that he cannot be impeached for giving inconsistent statements? No, Your Honor, we do not contend that. And in that case, it wouldn't be the conviction or any findings that are used later. Rather, it's his testimony under oath that would be used later, in the same way that any interim disposition under oath could be used in the same way. Along that same line, then, it seems to me, rather than looking as to whether the judgment is final, the question is whether there was a finding by a judicial officer that there was probable cause. And the misdemeanor court found guilt and, therefore, necessarily probable cause, right? Yes, Your Honor. Okay, so that became a judgment, and that's vacated. The question is, can that be used later, that finding, can that of a magistrate judge or district judge or whatever, a state district judge, be used? And we found, what, four or five North Carolina cases that are after your cases that suggest that it can be used. Right, Your Honor. So I believe you're referring to Myrick and Simpson below, relying on Moore. So those cases stand for the proposition that a probable cause determination can conclusively bar a subsequent 1983 claim, even when the later trial or the district court conviction is vacated in superior court. A couple of reasons why we don't think that that's controlling in this case. The first is that, as this Court acknowledged in Gilliam, there's quite a bit of tension in North Carolina law. There's tension in all of this because the judges make broad statements to support what they're doing. But the more recent statements, and we have our own jurisprudence that says when we're looking at state law, if we have a string of four or five cases that rule one way and they're the most recent ones, we would tend to follow those. And I must say this area is a little messy. There's no question about it. But I understand that under the dual-state system, the slate's clean, you start over again. That's really to protect the Sixth Amendment right for a jury trial. You don't want to have a lower court making factual findings that are binding on the next-level court where the jury trial's tried. I think many states have that. But that doesn't mean that, and it seems like North Carolina says that if a misdemeanor court makes a finding that inherently finds probable cause that the crime was committed, even though there's a later trial for that, that finding can undermine a Section 1983 case, can't it? Yes, Your Honor. So to address Your Honor's, I think, discomfort with this area of those intermediate court appeals cases, we'd like to take note that those are intermediate cases, and we believe that they're contradicted by the state's highest court ruling. But even on that ground, those cases are an opposite to what we're here for today. In all of those cases, we actually had a final judgment. In all of those cases, the superior court trial was held. In this case, Mr. Wells hasn't even gotten his day in court, and that matters. As this court noted in Gilliam. I'm sure he's gotten his day in court. He's on the second tier. He's in the superior court now, right? Yes, he's getting his due over, Your Honor. A second trial, second half of a bifurcated trial. But he's already been found guilty once. When he appeals that, that's wiped out and they do it again. But in wiping that out, there's still a reality left that he was convicted and that a judicial officer found there was probable cause he committed a crime. Now he's coming in and suing and saying there was no probable cause. Yes, Your Honor. Our argument is that there was no probable cause to arrest him. And this kind of goes to the structure of the two-tier system. Part of the reason we have this is so defendants can use it as a discovery device in order to hear arguments. Well, that's a pragmatic approach. I'm from Maryland, and we have it in Maryland, and I was part of that for a long time. And I know all the motives and all the reasons. But the legislatures, in having the two systems, they get rid of a lot of cases in the misdemeanor court. But they have to preserve the jury trial right. And so that if a person wants a jury trial afterwards, he can appeal and get a jury trial, and it starts with a clean slate. Yes, Your Honor. So to distinguish those North Carolina cases, I'll try this too. Mr. Wells is entitled to a new hearing on the issue of probable cause in superior court. There were no hearings like that in Myrick or in Simpson or in those North Carolina cases. And the reason that those cases could be decided there is because we had full records. We know the kinds of things that were argued in superior court. Counsel, can I change tacks? Have you taken federal courts yet? Yes, Your Honor. Did you take it from Ernie Young? Yes, Your Honor. Good for you, because we've got an exam for you. All right. So this case was removed under 1441. But it's got to have jurisdiction in federal court. And I'll pause it on the front end. I don't think we have jurisdiction here. But I want you to try to help me with that just a little bit. The remedy that your client sought is a declaration. And the question I've got is how would a declaration redress any injury here, right? So the injury was the arrest, right? I totally get that. And I can totally understand how damages might redress an arrest injury. But what I'm having a real trouble figuring out is with this sort of retrospective arrest, how a declaration would redress that injury in any way. Yes, Your Honor. A declaration would allow Mr. Wells to have his rights vindicated on the fact that he was arrested, maybe for later time. And what do you mean by that, his rights vindicated? Is that he's going to feel good about it? He's going to, like, be able to, like, put it on the wall? No, Your Honor. I mean, I'm sure he would feel good on that front. But we understand that that's not enough to be redressed, right? So the fact that you get to win, right, isn't sufficient, right? Yes, Your Honor. That tells us that, like, just feeling good about this, in essence, isn't enough, right? Just a vindication in the abstract isn't enough. Because if that was true, you could get an advisory opinion on everything, right? All right, so let's assume for a minute that, like, him being excited about vindication doesn't get us there. Is there anywhere else that I should look to try to find redress based on your view? And I'll posit here that I hope my colleagues are going to give you a chance to address this in writing after we finish argument. And so you should not feel like you've got to come up with it. But since I think so much of Professor Young, I feel comfortable asking you, how would it redress it if it's not just feeling good? Yes, Your Honor. We also ask for injunctive relief on this issue, declaratory relief and injunctive relief. So I don't think so. So tell me where in the complaint that we find injunctive relief. Because when I'm at JA640, no, I'm sorry, not the right page, JA29, it seems to only ask for a declaration. Oh, yes, Your Honor. I believe that we had at least mentioned declaratory and injunctive relief later on in our brief. And we could also file a 28-J motion on that issue. But in terms of- Well, let's assume for a minute that you can't add a request for an injunctive relief, which, by the way, you probably can't get. So it probably doesn't help you. But we're sort of limited to the complaint and the relief sought there. And so we could talk about injunctions for a while, but come back to me for the assume for a minute that the complaint only sought declaratory relief. Is there anywhere else you want me to look to think about why a declaration that the sheriff, you know, violated your client's rights would redress his injury in any way? Yes, Your Honor. First of all, it would provide law of the case that could help in later federal cases. Well, we acknowledge we would not want to intervene with any pending state court criminal convictions. Okay. So maybe there would be a later case that's filed, right, against the sheriff. But do we have any examples where we've said redress is solely dependent upon the ability for that case to affect, a case that's not yet filed, that doesn't exist, that we don't know about? I mean, that seems rather speculative at best. No, Your Honor. Right, Your Honor. But the point of, I think the point of declaratory relief being available is to declare the rights and obligations of the parties in expecting any kind of further litigation to be pursued. So to the extent that there may not be. That's the only standard any member of the public can file a declaratory judgment action, if that's the only interest. Yes, Your Honor, if they have. Without injury, the question is why do the plaintiffs, why does a plaintiff have standing seeking only declaratory judgment relief? Mr. Wells, we believe absolutely does have injury in terms of the retaliatory arrest. That is his injury. And in terms of the concern that anyone could file for this sort of relief. Where is that alleged? In our complaints, I believe in pages J.A. 22, paragraph 50, that's where we make our argument that he was arrested without probable cause. That's the injury we're alleging here. And in terms of the declaration, it's a declaration that he was, in fact, injured. And we take the court's concern about advisory opinions, but this is limited to the facts of this case and the obligations of the parties and of what happened to Mr. Wells. Well, but what I want to know is what business is it of the federal courts to go into North Carolina and interfere with their procedure which allowed the first hearing, the first proceeding which essentially is basically a discovery proceeding. He has a right to appeal and a jury trial right. What business is it of the federal court going in there interfering with that process? Yes, Your Honor, so two points on that. First, this was originally filed in state court and it was removed by the government to federal court. But to the interfering in proceedings, we actually think that our position is that a stay would be well advised here so that there would not be any interference. That's what happened in Nelson against Rockingham County when the middle district was faced with a situation pretty much exactly like this. But if he has his right and he exercises it to go to the superior court for a jury trial, in the issue of probable cause, doesn't the issue of probable cause have to be litigated in the superior court? Yes, Your Honor, and we think it absolutely will be. We believe there will be. So what are you getting here? Your Honor, we're getting a declaratory relief. And Mr. Wells is still allowed to file a lawsuit saying his rights are violated. It's a civil action entirely separate. We're standing for that and we gave you a declaratory relief. It seems to me the neighbor could ask for that too, declaratory relief, and it would be binding on the parties, right? The neighbor did not. No, let's stick with the plaintiff here. If we issued declaratory relief, that would be binding on the plaintiff, right? Yes, Your Honor, and on Sheriff Johnson. Now, what if we said. . . Why would it be binding? In relation to the plaintiff, just as his role as a defendant in this case. Binding in the criminal case? No, Your Honor, in any future situation. Right, of course not. Absolutely. Well, how would it be. . . What happens in the criminal case if we issued a ruling in your favor? Your Honor, in the criminal case, a ruling in our favor would allow the superior court trial to be finished and to actually get a final judgment. So we're not asking this court to decide. . . So what if they convict him? What if they convict him? If they convict him, Your Honor, we believe that there would be probable cause for arrest. And our claim would be dismissed on that grounds, but he hasn't even had that opportunity yet. I guess I'm trying to follow up on Judge Floyd's question. It seems to me we're sort of collateral interference here. Yes, Your Honor. We understand this court's reticence to get involved in issues of state law, especially a complicated area like this one. And especially when the state law of the case is not even resolved. Yes, Your Honor. But this court does not even have to do that. And the reason this court does not have to do that is because we're not even in the world of Myrick and Simpson anymore and that we don't even have a judgment in superior court. We don't know what will happen, and it is our contention that something is going to happen in superior court that didn't in those cases, namely a probable cause determination that would supplant the one in the district court. So this court does not have to, in order to rule in our favor here, doesn't have to decide the issues of Myrick and Simpson in North Carolina state law, nor does it have to get involved in a pending criminal proceeding. And I see my time is up. So what would you have us do then? I see my time is up. You may. We would have this case reverse the decision to dismiss the case with prejudice and just reverse it. We think a stay is probably the correct answer, and indeed I think at J645 the middle district noted it was inclined to issue a stay. But a dismissal with prejudice certainly was the wrong move. It came down on an area of North Carolina law, extending Myrick and Simpson far beyond what it needed to do, to cases where it's on appeal and no superior court trial has been had. But a stay for what? In pending superior court proceedings. In Nelson v. Rockingham County, that's exactly the remedy that happened there. You're asking us to stay a state superior court proceeding. No, Your Honor. We are absolutely not asking that. What are you asking? We are asking to reverse the dismissal with prejudice for further proceedings. We think in order to avoid interfering with the state superior court proceedings, the right answer would be to issue a stay pending resolution. What proceedings? What further proceedings? A stay in the middle district of North Carolina of the proceedings. So no dismissal with prejudice. Well, why don't we just remand it back to state court and let the state court process take its due course? Yes, Your Honor. We are amenable to this lawsuit being filed in state court. The problem with a dismissal with prejudice. So then why? Can I go back to my question? So why aren't you just agreeing with me and being like, oh, absolutely, right? We totally lack federal court jurisdiction, and so the removal was improper under 1441, which means the order of the district court is vacated because the district court lacked jurisdiction, and the case should instead be remanded to the district court, excuse me, to the state court in the superior court division of Allamoch County. So what I've suggested is that you lack jurisdiction in federal court, which would result that you would then have a case in state court, and you might have state court positives or negatives. I don't know, but why do you want federal jurisdiction here? Your Honor, we did not want federal jurisdiction. We filed it in state court twice. What we're asking for here at this court is a reversal of the dismissal with prejudice because we believe that would interfere with our ability to bring this case again in state court if it were to be remanded that way. Right, but you understand what I'm asking, right, is that if you agree with me that you lack jurisdiction to seek a declaratory judgment in this setting, the result is we vacate the district court's judgment, and it is remanded to the state court. Yes, Your Honor, and again, that's exactly where we initially filed it. Our issue is with the dismissal with prejudice. That, again, becomes the law of the case. That goes far beyond what any court would have required. Why did you bring a 1983 case before the state court case was resolved? The reason for that is because of the statute of limitations. We would have exceeded that. Mr. Wells, next week actually, will have been waiting four years for his superior court trial. I know, but the cause of action doesn't arise until you have that, right? At the time of the injury. It's been four years since there. The statute of limitations is three years. So that's why we filed it. And again, cases like this have happened before, like in Nelson, in the middle district, where the action was filed between the pending district court and superior court trial. Okay. Why don't we hear from who's next? Mr. Bader. Thank you. Okay, thank you. Good morning. May it please the court. Stephen Bader from Cranfield, Sumner, and Raleigh, here on behalf of the Alamance County Sheriff, Terry Johnson. I think this panel has identified at least one of the critical issues here as it relates to state law, which is in North Carolina, a district court criminal conviction. Before you get to North Carolina state law, you removed the case and you asserted that we have federal jurisdiction under 1331. Can you help explain to me how a declaratory judgment with respect to a retrospective injury can possibly satisfy the redressability requirement? I'm not certain I can, Judge Richardson. What I can say is we removed the case because there was a federal cause of action brought under 42 U.S.C. 1983. But you understand that that doesn't really help you, right? A federal cause of action doesn't give you federal jurisdiction. You've got to have standing to pursue the remedy sought. And they've sought only one remedy, which is a retrospective declaratory judgment. I think what Your Honor has done is identified something that was not flagged by the parties earlier. And so I don't know if I can stand here today and give you a satisfactory answer, certainly if my friend on the other side is going to submit 28-J authority. I would do the same, but in the interest of being efficient here today, I'm not going to try to fumble through it. But I think your point is well taken. Thank you, Counsel. Very directly to the issue and how the district court here resolved this case. North Carolina law, admitting that there are some cases that have questioned how this rule came about and its wisdom remains that these convictions have preclusive effect. And that is true even if the superior court later vacates the conviction, unless the plaintiff can show that the conviction was procured by fraud or other unfair means, which is not alleged in this case. I want to point something out. I don't quite follow what you're trying to tell us. You get your bite at the apple in the district court. If you lose, you get to appeal to the superior court. And why is this that simple? Why would you remove it to federal court when all you got to do is get the case tried in the superior court? Judge Floyd, so the superior court case is just strictly the criminal proceeding against Mr. Wells for disorderly conduct and failure to disperse. His civil lawsuit that he filed separately included those 1983 actions that, from our standpoint, were removable, which is how we got here. As I understand, and I think Judge Richardson asked this question, they didn't ask for an injunction to stay the case or stop it. This case? Yes. That's correct. There's never been a request to stay this case. And I don't have an answer as far as why Mr. Wells has taken that approach. From our standpoint, and looking at Myrick and then looking at Simpson, it doesn't make any difference because even in those cases, what the North Carolina Court of Appeals recognizes is that the preclusive effect that's given to district court convictions still stands, even if the superior court later vacates the conviction. But I want to point this out because I don't want this to get lost. This conviction has not been vacated. It has been stayed. And by operation of North Carolina statute, which sets forth the two-tier system, 15A-1431, parens F1, says that an appeal pursuant to this section stays the execution of all portions of the judgment. And then parens G and parens H go on to say that if the defendant does not pursue the case in superior court, it's remanded back to district court, and then that judgment is entered. So in that sense, Mr. Wells comes before this court and before any lower courts, I would argue, in a less strong position than the defendant in Myrick, who's actually had their conviction be vacated. His conviction still stands. It's just stayed pending final disposition in superior court. But ultimately, what the Myrick court recognized is, that is the law in North Carolina. It considered the very argument made by Mr. Wells here, which is that the line from State versus Sparrow, that within this two-tier system, when there is an appeal to superior court, it results in a trial de novo, so the conviction is annulled and unavailable for any purpose. And it said that was in another context, presumably that context being a criminal sentencing issue. Well, why don't you just file a motion in the federal district court to remand it back to the state court? Well, I'm not prepared. I'm not sure I can give you a great answer to that, because I want to take a look at if there's something underlying here in the allegations that would support federal jurisdiction. Our view of the case was that it would. I think if you read Steel Company and a couple of other cases, if you have a basis for jurisdiction, you can remove it. Section 1983 clearly is it. The point that Judge Richardson makes is there's a standing issue, which is also jurisdictional. Now, I'm not sure that affects removal jurisdiction, but it probably, well, it does if there's a standing issue, it does affect whether there's a case or controversy before us. And if there's not a case or controversy, then it seems to me we should just dismiss this action without prejudice, because there's no redressable injury. I appreciate, Judge Niemeyer, how you've worked through that. I don't know if I'm working through it. I'm raising questions because, and as Judge Richardson suggested, I'm going to ask counsel to submit a brief just on the standing issue, when only a declaratory judgment is requested, a standing issue under Section 1983 for a violation of the First Amendment. And if you can both submit your memoranda within 10 days simultaneous, and I'll have the clerk take care of that for you. Thank you. I appreciate it. And just to make as efficient of use of the time as I can, then, you know, from our standpoint, when you look at the case, Myrick Simpson, relying on North Carolina substantive law, has said even if the Superior Court conviction were vacated, there is still a preclusion effect. What's the best case you have? Is Myrick the best case? I think Myrick's the best case. Myrick cites Moore v. Winfield, which is the 1935 Supreme Court, North Carolina Supreme Court opinion that addresses this doctrine. It discusses Sparrow and why Sparrow can't carry the weight to suggest that it would apply in a case like this. The Simpson case that followed provides the exact same analysis. The outcome is different because the plaintiff in Simpson had evidence to suggest that the conviction was procured by unfair means of fraud, which is why that case was allowed to proceed. And then Gilliam v. Seeley, which is this court's decision from six years ago, I would argue really doesn't have any controlling effect here, but it does flag the issue and talk about Myrick and Simpson and how those cases came down and why. That was a case where this court said that North Carolina is not going to give preclusive effect to, in that case, a 31-year-old murder conviction that had been obtained by unfair and unjust means in the form of DNA evidence that had later been discredited, which is just not what we're doing here.  I'm just confused about this situation. If he goes to the Superior Court and he gets an acquittal, then is not his record expunged as if... You keep saying something about something remaining in the district court. What remains? If he goes to Superior Court, under current North Carolina law, if Mr. Wells goes to Superior Court and he is acquitted, his district court conviction still has preclusive effect as to a finding of probable cause. And that preclusive effect would work to result in dismissal of, or it would frustrate his 1983 claim because it's dependent upon him showing a lack of probable cause. And that's the framework that was set forth and discussed by the North Carolina Court of Appeals in Myrick. And that's where the Court of Appeals said, this is the law in North Carolina. There may be policy reasons for it to be different, but that is what the Supreme Court has announced. If we just say we don't have jurisdiction and send the case back, I guess, without prejudice, it's back in state court. So what then? I think at that point it really depends on how the matter proceeds. All right, he goes to Superior Court and he gets an acquittal. I think he's right back where Myrick is in the sense that Myrick says his prior district court conviction still has a preclusive effect on probable cause. But for what purpose? That's what North Carolina substantive law is. Now, I would agree with where I think that is. But your point is only for probable cause. Right. It wouldn't be preclusive that he was guilty. Right. It's only preclusive with respect to probable cause because probable cause is well short of what it required to be guilty. You can be acquitted in the Superior Court and still have there been more than sufficient probable cause. That's exactly right. That's the theory behind the North Carolina courts. That's exactly right. And all I would say to, I think, further address what Judge Floyd is saying is that if he was in that position, then at least he could try to advance some of the policy arguments that were made in Myrick. From our standpoint, that's just not proper here since his conviction has never been vacated. It's just simply been stayed. So he's kind of got out in front of it and is in a position where this case is almost mounting a collateral attack against that Superior Court proceeding. So under North Carolina law, if he dismissed his appeal to the Superior Court, he would be left with the judgment against him in the misdemeanor court. Correct. And then this case would be heck barred, and the analysis would be straightforward. So I understand the statute of limitations in the federal court. There's a three-year statute of limitations, so they probably can't file a new federal court action. Is the state statute of limitations to sue the sheriff, does that also run given that four years has passed? Do you know the answer to that? I don't know the answer to that. I hesitate to speculate. I don't want you to speculate. I was just asking if you knew. Why wouldn't the statute of limitations on the Section 1983 case arise when he receives a judgment in his favor? In other words, if the Superior Court were to acquit him, he then would have a Section 1983 case and you would then have your defense as to the probable cause issue. Judge Niemeyer, I believe what the case law says is what these 1983 claims is that they arise with what they believe when the constitutional violation occurs and not necessarily when a criminal case is adjudicated down the road. And the argument here is that this First Amendment violation occurred when Mr. Wells and others were protesting at this park in Alamance County. So I think that would be useful. His injury, in theory, would exist whether he's convicted or not. In theory, yes. Even if he's convicted, he could have been arrested without probable cause because the evidence that one is convicted on is different than the evidence, in theory, that one is arrested on. Yes. I'm not sure that's possible in this case given the nature of the charges and his First Amendment theory, but academically, yes, the two can be separate. Right, but we do the heck analysis based not on, well, it just so happens here that the overlap in evidence sort of means the same. That's right. In this case, his argument here is that there was no probable cause to arrest him and then subsequently convict him of disorderly conduct and failure to disperse because all he was doing was exercising First Amendment rights. If there is a criminal judgment to the contrary, then that cannot be attacked via a 1983 proceeding. The other thing I just want to touch on very quick. Can I just ask one other question? You just said something that I think maybe is different than what I understood. You said that he complained about no probable cause to arrest or to convict him. I understand the suit against the sheriff to only be the first one, no probable cause to arrest him, because a suit against the sheriff for convicting him is nonsensical, right, because the sheriff is in the state and so it's not prosecuting. It's the wrong defendant. Right, I misspoke. I think what I was trying to get out is that if he has a conviction as to the underlying charge, it's going to have a preclusive effect on the probable cause to arrest that would be necessary. Maybe, but why is that necessarily true? I think it is under the facts alleged because what he is saying is that there was no grounds for the sheriff to arrest him because he was exercising First Amendment rights and not committing disorderly conduct or failing to disperse. If there's a criminal judgment saying that by engaging in the conduct that he was engaged in, he committed the crime of disorderly conduct and the crime of failure to disperse, then the sheriff necessarily would have grounds to arrest him. I don't believe he would be able to pursue a 1983 claim. Is it necessary to call into question the conviction? Right, I think that's exactly right. Just the last thing I want to hit on, and I want to make sure I address any other questions that the panel has, is just the idea of a stay at this point. That's never been requested. I think it was suggested by my friend that the court could just go back and stay in this case and let the Superior Court criminal proceeding play out. I just simply ask the court not to do that. Number one, it's not before the court. It's never been requested before. Just to specify here on the record, in docket entry 47, after this matter was fully briefed on summary judgment, the district court judge entered an order and said, I need some help, I need some clarity from the parties as to the issues. And one of the things that she intimated is she may be inclined to stay the case and ask the parties to state respective positions on it. The plaintiff at that point did not say, yes, please stay the case. What the plaintiff said in docket entry 52 is, if the defense were to get summary judgment on one of the claims, being the Neves claim that has not been raised as part of this appeal, then you should just dismiss the other summary judgment motions without prejudice, but at no point did they ever ask for a stay. And certainly from Sheriff Johnson's perspective, we have defended in advance the case in response to the positions that they've taken. And I guess the last thing I'd add on that is the contained record before this court is not that this judgment has been vacated. Again, it's that this judgment, the criminal judgment, has been stayed. And so consistent with Myrick, which I, to Judge Niemeyer's point, is really the best case that deals with these various issues, summary judgment would be appropriate. Tell me, if we're going to rule in your favor, what is the best ruling we can give you? To affirm summary judgment for the reason that on the undisputed facts under North Carolina law, the criminal conviction in district court has a preclusive effect consistent with the North Carolina Supreme Court's decision in Moore v. Winfield and the court of appeals decision, rather, in Myrick as well as in Simpson. All right. Thank you very much, Your Honors. All right. I guess we'll hear Mr. Wald. Good morning, or perhaps good afternoon at this point. My name is Jeffrey Wald. Just a few points in rebuttal. First, I want to directly answer Judge Richardson's question to my colleague, whether we would consent to what we thought of a remand to state district court. And my response to that would be we would be wholly in favor. You don't get to consent, right? The question is do we have jurisdiction. I wasn't asking her to consent. Fair enough. I just was suggesting to her that it might be a different way of getting to the same place, but whether you consent or not sort of matters not to me, I'm saying.  I'm not sure we have authority to send it back, do we? In a Section 1983 case, alleging a violation under Section 1983 is removable to federal court, isn't it? It is removable to federal court. However, I think the problem that Judge Richardson raised. Well, I understand the problem. The problem is a standing question, which is also jurisdictional.  But there is federal jurisdiction to hear a case to decide the standing issue. In other words, my point is this is clearly a Section 1331, and I think that is removable. It's a claim under federal law. Yes, Your Honor, it's a claim under federal law. Now, whether we have jurisdiction. The district court has to remand if it lacks federal jurisdiction under Article 3. Right. A removed case must be remanded to the state court, right? It's not dismissed. If a case is removed under 1441 and Article 3 jurisdiction is lacking, it is remanded, not dismissed, right? Correct, and that is the point that I wanted to make, Judge Richardson, is that I want to be very clear that as to the statute of limitations, North Carolina General Statute 15213, it's a three-year statute of limitations, and there's case law very clear that says the statute of limitations begins to run at the time of the wrongful arrest. If there were no standing here, there would be no standing in state court either, would there? It's the same problem. Standing doesn't depend on a federal or state question, does it? Not necessarily, Your Honor. The question could be different under the state law, and it would be up to the state courts to determine the issue at that point. Our request would be if you're going to find a lack of standing not to dismiss the case because then we're going to come into a statute of limitations problem, but rather to remand or to reverse send it back down to the district court for an instruction to remand back to the state court for lack of jurisdiction if you are going to so find it. We'll file our supplemental briefing. Frankly, this has not, the personal jurisdiction issue has not been raised to my knowledge below. No, we're going to give both parties, because we've explored this question here for the first time. Nobody's had a chance. We're going to give you 10 days to bring it down.  We're also going to ask you a question anyway. So why, help me understand why a declaratory judgment here. I mean, you all filed, I don't know if this is you or not, but you all filed for simply a declaratory judgment. And I guess I'm just having a little hard time understanding like why, like what that's trying to achieve. And you can say, I just want to answer that in the briefing that the judge offered to you. But I wonder if you have an answer for why that makes sense, particularly given that the statute of limitations is now run. So it's not like you can use that declaration in a subsequent like federal action for damages, because the statute of limitations is run on a federal action for damages, right, which was the suggestion your colleague made. So I guess I'm just having more trouble understanding what the like plausible reason for this is. Sure. I guess I'll answer it in two ways. First, I'll just say that I wasn't there for the preparation of the complaint, so I don't know the theory behind it. I will, though, then point to paragraph 65 of the complaint, and I'll quote it for your honors, which says, Mr. Wells' participation in the 11th of July 2020 demonstration was not an isolated event, and without a declaration that his arrest was improper, Mr. Wells is uncertain as to how he can exercise his constitutional right from speaking and acting during future protests. Right, but this is Lujan, right? So this is the problem, like you don't get to say generally I might one day travel to a forest somewhere and therefore worry about endangered species, right? I might one day think about protesting again and therefore I want a declaration. Like you have to have specificity, right? You have to be like I'm very upset about this thing that's going on, and I plan to go protest at this. Like this is the Lujan problem. Like I totally get the arguments you could make here. 65 doesn't get you there. Right, and I think as I reviewed the complaint during the argument, this is the closest I could come up to with a more concrete future injury, and we don't make a request for money damages. So that's as much as I can say on that point. I see that my time has expired unless there are other questions. All right, we'll adjourn court for the day. We'll come down and greet counsel and ask counsel to come up and greet Judge Floyd. And then we're going to come down to the well of the court, and we have some guests here from the class of VMI. We're going to speak with them and let them pepper us with questions if they have any, so you guys can think of some questions that may be appropriate. Or inappropriate. Or inappropriate. So that's what we'll do now.
judges: Paul V. Niemeyer, Julius N. Richardson, Henry F. Floyd